---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _____

Case number (*If known*): _____ Chapter 15

☐ Check if this is an
amended filing

---

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding   12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

---

**1. Debtor's name**   _____

---

**2. Debtor's unique identifier**

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN)   ___ ___ – ___ ___ ___ ___ ___ ___ ___

☐ Other _____. Describe identifier _____.

**For individual debtors:**

☐ Social Security number:   xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

☐ Other _____. Describe identifier _____.

---

**3. Name of foreign representative(s)**   _____

---

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**

Chancery Division (Companies Court) of the High Court of Justice of England and Wales

---

**5. Nature of the foreign proceeding**

*Check one:*

☐ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

---

**6. Evidence of the foreign proceeding**

☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____

_____

---

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☐ Yes

---

Debtor _____    Case number *(if known)* _____
         Name

---

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9. Addresses**

**Country where the debtor has the center of its main interests:**

_____

**Debtor's registered office:**

3rd Floor 11-12 Street St. James's Square
Number      Street

_____
P.O. Box

                                    SW1Y 4LB
City          State/Province/Region      ZIP/Postal Code

_____
Country

**Individual debtor's habitual residence:**

_____
Number      Street

_____
P.O. Box

_____
City          State/Province/Region      ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

_____
Number      Street

_____
P.O. Box

                                    1077XX
City          State/Province/Region      ZIP/Postal Code

_____
Country

---

**10. Debtor's website** (URL)

www.dtek.com/en/home (general website for the DTEK group, which includes the debtor's affiliates)

---

**11. Type of debtor**

*Check one:*

❑ Non-individual (*check one*):

  ❑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

  ❑ Partnership

  ❑ Other.  Specify: _____

❑ Individual

---

| Debtor | DTEK Finance plc | Case number *(if known)* |
|---|---|---|
| | Name | |

**12. Why is venue proper in *this* district?**

*Check one:*

- ☑ Debtor's principal place of business or principal assets in the United States are in this district.
- ☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

- ☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

✗ _____     Johan Bastin
Signature of foreign representative     Printed name

Executed on   12 / 16 / 2016
              MM / DD / YYYY

✗ _____     _____
Signature of foreign representative     Printed name

Executed on   _____
              MM / DD / YYYY

**14. Signature of attorney**

✗ _____   Date   12 / 16 / 2016
Signature of Attorney for foreign representative        MM / DD / YYYY

Adam J. Goldberg
Printed name

Latham & Watkins LLP
Firm name

885 Third Avenue
Number         Street

New York                               NY        10022-4834
City                                   State     ZIP Code

(212) 906-1200                         adam.goldberg@lw.com
Contact phone                          Email address

4510871                                NY
Bar number                             State

---

Official Form 401          Chapter 15 Petition for Recognition of a Foreign Proceeding          page 3

**Chapter 15 Petition**
**DTEK Finance plc**

Item 6.  A certified copy, translated into English, of the decision commencing the foreign
proceeding and appointing the foreign representative.

<u>Claim No. CR2015 004538</u>

**IN THE HIGH COURT OF JUSTICE**
**CHANCERY DIVISION**
**COMPANIES COURT**

**THE HONOURABLE MR JUSTICE NEWEY**

**2 DECEMBER 2016**



**IN THE MATTER OF DTEK FINANCE PLC**

<u>Claimant</u>

- and -

**IN THE MATTER OF THE COMPANIES ACT 2006**

---

**ORDER**

---

**UPON THE APPLICATION** by Part 8 Claim Form (the "Claim Form") dated 28 November 2016 of the above named DTEK FINANCE PLC, a company incorporated in England and Wales (the "**Company**"), of 3rd Floor, 11 – 12 Street St James's Square, London, SW1Y 4LB;

**AND UPON HEARING** Mr Daniel Bayfield QC and Mr Henry Phillips for the Company;

**AND UPON READING** the Claim Form and the evidence;

**AND UPON** the Company having appointed the Chairman to act as the Company's foreign representative in respect of any proceedings under Chapter 15 of the US Bankruptcy Code ("**Chapter 15 Proceedings**") to obtain recognition of the Scheme as a foreign main proceeding.

1

**AND UPON** the Court determining that in this Order the abbreviations, words and phrases shall have the meanings ascribed to them in the Scheme Documents hereinafter mentioned;

**IT IS ORDERED THAT:**

1.      The Company be at liberty to convene a meeting of the Scheme Creditors (as defined in the Scheme) to be held at 10am (London time) on 19 December 2016 at the offices of Latham & Watkins (London) LLP, 99 Bishopsgate, London, EC2M 3XF for the purpose of considering and, if thought fit, approving with or without modification, the scheme of arrangement (the **"Scheme"**) proposed to be made between the Company and the Scheme Creditors (as defined in the Scheme) (the **"Scheme Meeting"**).

2.      At least 14 days before the date appointed for the Scheme Meeting, copies of the document incorporating a notice convening the Scheme Meeting, the Scheme, the statement required to be furnished pursuant to section 897 of the Companies Act 2006 (the **"Explanatory Statement"**) and the voting instructions set out in Appendix 2 to the Explanatory Statement and the Account Holder Letter at Appendix 3 to the Explanatory Statement (together referred to as the **"Scheme Documents"**) shall be:

   (a)      made available to all Scheme Creditors via a website established in connection with the Scheme, which enables Scheme Creditors to download and view the Scheme Documents with Scheme Creditors being informed by message sent through the Depositary Trust Company, Euroclear Bank S.A./N.V. and Clearstream Banking, *société anonyme* (the **"Clearing Systems"**) that the Scheme Documents are available to be downloaded and viewed; and

   (b)      made available for inspection by any Scheme Creditors during normal business hours on business days at the offices of Latham & Watkins (London) LLP, 99 Bishopsgate, London, EC2M 3XF and shall be provided in hardcopy free of charge to any Scheme Creditor upon request,

2

until the date of the Scheme Meeting.

3.   Copies of the Scheme Documents shall be in the form or substantially in the form of the documents shown to the Court, together with such amendments which amount to the correction of typographical errors, the completion of blanks or other such changes as should appear to Counsel to be immaterial.

4.   Unless the Court orders otherwise, the accidental omission to serve any Scheme Creditors with the notice of the Scheme Meeting or the non-receipt of notice of the Scheme Meeting shall not invalidate the proceedings at the Scheme Meeting.

5.   In order to vote on the Scheme:

(a)   a Scheme Creditor shall instruct its Account Holder to complete and sign an Account Holder Letter and deliver the completed Account Holder Letter to Lucid Issuer Services Limited (as Tabulation and Information Agent on behalf of the Company) so that it is received by Lucid Issuer Services Limited  no later than 5.00 p.m. (New York time) on 16 December 2016; and

(b)   in the case of Scheme Creditors whose Notes are held through Euroclear or Clearstream, such Scheme Creditors shall make arrangements for the relevant Clearing System to block the Notes in the relevant Account Holder's account within the time limit specified by the relevant Clearing System by no later than 5p.m. (London time) on 15 December 2016.

6.   Subject to paragraph 5 above, Scheme Creditors as at 5.00 p.m. (New York time) on 15 December 2016 will be entitled to vote at the Scheme Meeting.

7.   Johan Bastin of DTEK Energy B.V. be appointed as chairman of the Scheme Meeting (the **"Chairman"**).

8.   The Chairman be responsible for determining, in accordance with the relevant provisions in the Scheme Documents, the entitlement of and value

3

for which any Scheme Creditor be permitted to vote at the Scheme Meeting by reference to the information supplied by the Scheme Creditor and any information contained in the Company's books and records.

9.  The Chairman be at liberty to adjourn the Scheme Meeting for such period as he shall deem appropriate, provided that if adjourned, the Scheme Meeting recommences as soon as reasonably practicable thereafter.

10. At the Scheme Meeting, the Chairman shall have discretion:

(a) to accept the value of the claim in respect of which a Scheme Creditor seeks to vote, in whole or in part, notwithstanding failure by such Scheme Creditor to comply with the requirements contained in the voting instructions, if sufficient information has been provided to assess the fairness of the value of the claim in respect of which such Scheme Creditor shall be permitted to vote; and

(b) to accept otherwise incomplete Account Holder Letters at his discretion after the date fixed in the Notice (but, for the avoidance of doubt, provided that the Account Holder Letter is received before he closes the Scheme Meeting).

11. A Scheme Creditor may appoint one person as their proxy, and, if the appointee is not Lucid Issuer Services Limited, may provide in the appointment that the appointee may vote in the appointee's absolute discretion. Any person appointed as proxy for a Scheme Creditor may attend and speak at the Scheme Meeting.

12. The Chairman shall be entitled to rely on the signature on a completed Account Holder Letter submitted to the Company, including one sent online or by email, as a warranty that the signature has been duly authorised by the relevant Scheme Creditor without further investigation.

13. For the purposes of voting at the Scheme Meeting, to determine whether the Scheme Creditors voting at the Scheme Meeting approve the Scheme by a

4

majority in number representing 75% in value of those present and voting at
that Scheme Meeting, the claim of each Scheme Creditor will be valued by
the Chairman. The Chairman will retain overall discretion in this regard, and
will act on information available to him from the Company. The valuation
will be for voting purposes only and will not in itself constitute an admission
of the existence or amount of a claim and will not bind the Company or the
Scheme Creditor concerned for any other purpose.

14. The Chairman be at liberty to permit, at his discretion, the attendance of
persons who are not otherwise entitled to attend and vote at the Scheme
Meeting, unless an objection is taken by (or by a person appointed to vote by
proxy for) a Scheme Creditor entitled to attend and vote at the Scheme
Meeting, provided that such a person shall not be entitled to speak at the
Scheme Meeting without the permission of the Chairman.

15. The Chairman and the Company shall have permission to apply to the Court
for such further directions on this matter as is considered necessary or
appropriate.

16. Pursuant to rule 5.4D(2) of the Civil Procedure Rules, notice shall be given
to the Company of any application made by a person for permission under
rule 5.4C of the Civil Procedure Rules to obtain a copy of a document from
the court records in this matter.

**AND IT IS DECLARED THAT:**

17. The Chairman is authorised on behalf of the Scheme Company to act as a
foreign representative (the "**Foreign Representative**") of the Scheme
Company in any Chapter 15 Proceedings in the United States Bankruptcy
Court.

18. The Foreign Representative is authorised on behalf of the Scheme Company
to take any and all actions to execute, deliver, certify, file, and/or record and
perform any and all documents, agreements, instruments, motions, affidavits,
applications for approvals or rulings of governmental or regulatory

5

authorities, or certificates, and to take any and all steps deemed by the Foreign Representative to be necessary or desirable to carry out the purpose and intent of the Scheme including, for the avoidance of doubt, filing any petition or other request for relief intended to be filed under Chapter 15 of the US Bankruptcy Code, to the extent required.

**AND THE COURT DIRECTS** that the Chairman do report the result of the Scheme Meeting to the Court.

**AND THE COURT HEREBY ORDERS** that the hearing of the Claim Form dated 28 November 2016 be adjourned for further hearing.

**Service of the order**

The Court has provided a sealed copy of this order to the serving part: Latham & Watkins (London) LLP, 99 Bishopsgate, London EC2M 3XF

**DATED** this 2nd day of December

**Chapter 15 Petition**
**DTEK Finance plc**

Item 8.  A list containing the names and addresses of (i) all persons or bodies authorized to administer foreign proceedings of the debtor, (ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and (iii) all entities against whom provisional relief is being sought under 11 U.S.C. § 1519.

LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Adam J. Goldberg
Marc A. Zelina

355 South Grand Avenue
Los Angeles, CA 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Adam E. Malatesta (admission *pro hac vice,* pending)

**Attorneys for Johan Bastin**
**as Petitioner and Foreign Representative**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 15 |
| | ) | |
| DTEK Finance plc, | ) | Case No. _____ (___) |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |

**VERIFIED LIST PURSUANT TO RULE 1007(A)(4) OF THE FEDERAL RULES OF**
**BANKRUPTCY PROCEDURE**

I, Johan Bastin, pursuant to 28 U.S.C. § 1746, the duly appointed foreign representative

(the "<u>Foreign Representative</u>") of DTEK Finance plc (the "<u>Debtor</u>") in connection with the

voluntary scheme of arrangement concerning the Debtor before the Chancery Division

(Companies Court) of the High Court of Justice of England and Wales (the "<u>UK Proceeding</u>"),

hereby submit this verified list pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy

Procedure (the "<u>Verified List</u>") under penalty of perjury under the laws of the United States as

follows:

## Administrator of the Debtor in Foreign Proceeding

1.      I, Johan Bastin, am the only authorized Foreign Representative in the UK Proceeding.  I certify pursuant to 28 U.S.C. § 1746 under penalty of perjury under the laws of the United States that to the best of my knowledge, information, and belief, other than the UK Proceeding, there are no foreign proceedings pending with respect to the Debtor.

2.      My address is Strawinskylaan 1531, Tower B, Level 15, grid TB-15-046/089, 1077XX Amsterdam, the Netherlands.

## Litigation Parties in the United States

3.      I certify pursuant to 28 U.S.C. § 1746 under penalty of perjury under the laws of the United States to the best of my knowledge, information, and belief, that there is no litigation pending in the United States in which the Debtor is a party at the time of the filing of the Debtor's chapter 15 petition for recognition of a foreign main proceeding.

## Entities Against Whom Provisional Relief is Sought Pursuant to 11 U.S.C. § 1519

4.      I certify pursuant to 28 U.S.C. § 1746 under penalty of perjury under the laws of the United States to the best of my knowledge, information, and belief, that provisional relief is not being sought at this time under 11 U.S.C. § 1519.

*[Remainder of Page Left Intentionally Blank]*

I, Johan Bastin, declare under penalty of perjury that I have reviewed the above Verified

List and that the information contained therein is true and correct to the best of my knowledge,

information, and belief.

Dated: December 16, 2016

/s/
Johan Bastin, Petitioner and Foreign
Representative

**Chapter 15 Petition**
**DTEK Finance plc**

Item 11.  A corporate ownership statement containing the information described in Rule 7007.1 of the Federal Rules of Bankruptcy Procedure.

LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Adam J. Goldberg
Marc A. Zelina

355 South Grand Avenue
Los Angeles, CA 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Adam E. Malatesta (admission *pro hac vice,* pending)

Attorneys for Johan Bastin
as Petitioner and Foreign Representative

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | )    Chapter 15 |
| DTEK Finance plc, | )    Case No. _____ (\_\_\_) |
| Debtor in a Foreign Proceeding. | ) |

**STATEMENT OF CORPORATE OWNERSHIP**

      Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure,

the following is a list of all corporations, other than governmental units, that directly or indirectly

own 10% or more of any class of interests in DTEK Finance plc:

| Name and Address | Percentage of Interest Held |
|---|---|
| DTEK Energy B.V.<br>Strawinskylaan 1531, Tower B, Level 15<br>1077 XX Amsterdam<br>The Netherlands | 100% Direct Interest |

| | |
|---|---|
| DTEK B.V.<br>Strawinskylaan 1531, Tower B, Level 15<br>1077 XX Amsterdam<br>The Netherlands | 100% Indirect Interest |
| System Capital Management Limited<br>28 Oktovriou, 377<br>SOBOH HOUSE, 1st floor<br>Neapoli, 3107 Limassol, Cyprus | 100% Indirect Interest |

*[Remainder of Page Left Intentionally Blank]*

I, Johan Bastin, declare under penalty of perjury that I have reviewed the above Statement of Corporate Ownership and that the information contained therein is true and correct to the best of my knowledge, information, and belief.

Dated: December 16, 2016

/s/
Johan Bastin, Petitioner and Foreign Representative

**Chapter 15 Petition**
**DTEK Finance plc**

Addendum A.  Statement Pursuant to Section 1515(c) of the Bankruptcy Code.

LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Adam J. Goldberg
Marc A. Zelina

355 South Grand Avenue
Los Angeles, CA 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Adam E. Malatesta (admission *pro hac vice,* pending)

Attorneys for Johan Bastin
as Petitioner and Foreign Representative

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 15 |
| | ) | |
| DTEK Finance plc, | ) | Case No. _____ (___) |
| | ) | |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |

**FOREIGN REPRESENTATIVE'S STATEMENT REGARDING KNOWN FOREIGN**
**PROCEEDINGS**

I, Johan Bastin, pursuant to 28 U.S.C. § I 746, hereby declare under penalty of perjury

under the laws of the United States as follows:

1.      I am the duly appointed foreign representative (the "Foreign Representative") of

DTEK Finance plc ("DTEK" or the "Debtor") in connection with the voluntary scheme of

arrangement concerning the Debtor before the Chancery Division (Companies Court) of the High

Court of Justice of England and Wales (the "UK Proceeding").

2.      I respectfully submit this statement, as required under section 1515(c) of title 11

of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in support of the

verified chapter 15 petition filed by the Foreign Representative seeking recognition by the United States Bankruptcy Court for the Southern District of New York of the UK Proceeding as a foreign main proceeding.

3.      Pursuant to the requirements of section 1515(c) of the Bankruptcy Code, to the best of my knowledge, the UK Proceeding is the only insolvency proceeding of any kind pending with respect to DTEK and thus is the only known "foreign proceeding" with respect to DTEK, as that term is defined in section 101(23) of the Bankruptcy Code.

4.      DTEK was previously subject to a scheme of arrangement, No. 1532 of 2016, which was sanctioned by the High Court of Justice of England and Wales on April 26, 2016. DTEK's prior scheme of arrangement would have constituted a "foreign proceeding" with respect to DTEK but was terminated on October 28, 2016.

*[Remainder of Page Left Intentionally Blank]*

I declare under penalty of perjury under the laws of the United States of America that, based upon my knowledge, information and belief as set forth herein, the foregoing is true and correct.

Dated: December <u>16</u>, 2016

/s/
Johan Bastin, Petitioner and Foreign
Representative